IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JESSE A. STOLDORF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 16-2203 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Petitioner Jesse A. Stoldorf's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (d/e 1).  Because Petitioner is not entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015), the Motion is DENIED.  The Court GRANTS a certificate of appealability.

## I. BACKGROUND

In March 2005, a jury found Petitioner guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  The Probation Office prepared a Presentence Investigation Report (PSR).

<u>United States v. Stoldorf</u>, Case No. 04-20048 (d/e 37) (hereinafter,

Crim.).  The PSR determined that Petitioner was an Armed Career

Criminal pursuant to 18 U.S.C. § 924(e) based on two 1994

burglary convictions in Montana (Mineral County District Court

Case Nos. C-637 and C-649-5) and a 1998 conviction in Illinois for

home invasion, residential burglary, and intimidation (Shelby

County Case No. 98-CF-49).  Crim., PSR ¶¶ 25, 28, 29, 31.[1]

Neither the PSR nor the sentencing transcript indicate whether the

prior convictions qualified as predicate offenses under the

elements, enumerated, or residual clauses of the Armed Career

Criminal Act.

    As an Armed Career Criminal, Petitioner faced a statutory

mandatory minimum of 15 years' imprisonment to life

imprisonment.  Crim., PSR ¶ 70 (citing 18 U.S.C. §§ 922(g),

924(e)(1)).  Petitioner's advisory sentencing guideline range was

235 to 293 months' imprisonment.  Crim., PSR ¶ 71.  On July 5,

2005, former United States District Judge Michael P. McCuskey

---

[1] It is unclear whether the sentencing court counted the home invasion, residential burglary, or intimidation conviction as the third violent felony. Petitioner focuses his argument on the residential burglary conviction.

sentenced Petitioner to a term of 264 months' imprisonment. Crim., Judgment (d/e 39) (dated July 7, 2005).

Petitioner appealed, arguing only that the prosecutor violated the Constitution by exercising a peremptory challenge on the basis of race. <u>United States v. Stoldorf</u>, No. 05-3020, 2006 WL 2355906 (7th Cir. Aug. 15, 2006). The Seventh Circuit affirmed the judgment and sentence. <u>Id.</u>

On June 24, 2016, Petitioner filed the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (d/e 1) at issue herein. The Government responded to the Motion (d/e 3), and Petitioner filed a Reply (d/e 4). On November 22, 2016, the Court appointed counsel to represent Petitioner. On December 22, 2016, counsel filed a Supplemental Response (d/e 6), to which the Government filed a response (d/e 7).

Petitioner argues he is entitled to relief because his two prior Montana burglary convictions and the Illinois residential burglary conviction do not qualify as violent felonies under the Armed Career Criminal Act.

## II. LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set

aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255 petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

### III. ANALYSIS

An explanation of the Armed Career Criminal Act is necessary to put Petitioner's claim in context. Generally, the penalty for the offense of being a felon in possession of a firearm, 18 U.S.C. § 922(g), is up to 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if a defendant violates § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, the Armed Career Criminal Act increases the sentence to a term of imprisonment of not less than 15 years and up to life. 18 U.S.C. § 924(e)(1); Johnson, 135 S. Ct. at 2555.

The Act defines a violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year . . . that—

    (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii) is burglary, arson, or extortion, involves use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u> [.]

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The underlined portion is referred to as the "residual clause."  The other portions are referred to as the "elements clause" (18 U.S.C. § 924(e)(2)(B)(i)) and the "enumerated clause" (the portion listing burglary, arson, extortion, and offenses that involve the use of explosives).  The United States Supreme Court recently found the residual clause unconstitutional. <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2563 (2015) (holding that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process").

When determining whether a prior conviction qualifies as a violent felony, courts generally apply the categorical approach, meaning the court looks only to the fact of the conviction and the statutory definition of the prior offense.  <u>Taylor v. United States</u>,

495 U.S. 575, 602 (1990).  When determining whether a prior
conviction, such as burglary, qualifies under the enumerated
clause, the court compares the elements of the statute forming the
basis of the prior conviction with the elements of the generic crime
of burglary.  See id. at 599; Descamps v. United States, 133 S. Ct.
2276, 2281 (2013).  When the statute's elements are the same or
narrower than those of the generic offense, the prior conviction
qualifies as a predicate offense under the Armed Career Criminal
Act.  Taylor, 495 U.S. at 599.

In some instances, the statute forming the basis of the prior
conviction defines the offense more broadly than the generic
offense.  Taylor, 495 U.S. at 599.  That is, the "statute sets out one
or more elements of the offense in the alternative" and one
alternative matches the elements in the generic offense while
another alternative does not.  Descamps, 133 S. Ct. at 2281.  In
those cases, the court may apply the "modified categorical
approach," which means that the court may consult a limited class
of documents to determine which alternative formed the basis of
the prior conviction.  Id.; Shepard v. United States, 544 U.S. 13, 16
(2005) (the limited documents the court may consider when

applying the modified categorical approach include the charging document, written plea agreement, and the transcript of the plea hearing).  The court then compares the elements of the crime of conviction with the elements of the generic crime. <u>Descamps</u>, 133 S. Ct. at 2281.

The modified categorical approach is only appropriate where a statute is divisible into qualifying and non-qualifying offenses and does not apply to a crime that has a single, indivisible set of elements.  <u>Descamps</u>, 133 S. Ct. at 2282.  When a statute lists various factual means of committing a single element, the modified categorical approach does not apply.  <u>Mathis v. United States</u>, 136 S. Ct. 2243, 2248 (2016).

For example, the Supreme Court recently held in <u>Mathis</u> that Iowa's burglary statute was broader than generic burglary—which requires unlawful entry into a building or structure—because the Iowa statute "reaches a broader range of places: 'any building, structure, [<u>or</u>] <u>land, water or air vehicle</u>.'"  <u>Id.</u> at 2250 (quoting Iowa Code § 702.12 (2013)) (emphasis in original).  The Court found that those listed locations were not alternative elements but constituted alternative means of committing the single crime of

burglary.  Id. ("In short, the statute defines one crime, with one set of elements, broader than generic burglary—while specifying multiple means of fulfilling its locational element, some but not all of which (i.e., buildings and other structures, but not vehicles) . . . satisfy the generic definition").  The Supreme Court held that, because the elements of the Iowa statute were broader than the elements of a generic burglary, the prior convictions did not qualify as predicate offenses under the Armed Career Criminal Act.  Id. at 2257.

In this case, Petitioner argues that the elements of Montana's burglary statute and Illinois's residential burglary statute are broader than those of a generic burglary and, therefore, the convictions do not qualify as crimes of violence.  Petitioner seeks relief pursuant to Johnson, 135 S. Ct. 2551, which invalidated the residual clause of the Armed Career Criminal Act, so that his claim will be timely.  See Welch v. United States, 136 S. Ct. 1257, 1268 (2016) (holding that "Johnson announced a substantive rule that has retroactive effect in cases of collateral review").

The Government argues that Petitioner's claim is actually based on Mathis, not Johnson, and a claim under Mathis is

untimely.  The Government also asserts that Petitioner cannot

bootstrap his <u>Mathis</u> claim to an imaginary <u>Johnson</u> claim.

Finally, the Government argues that the prior offenses still qualify

Petitioner as an Armed Career Criminal.[2]

A one-year period of limitation applies to § 2255 petitions.  28

U.S.C. § 2255(f).  The one-year period begins to run from the latest

of:

> (1) the date on which the judgment of conviction
> becomes final;
>
> (2)  the date on which the impediment to making a
> motion created by governmental action in violation of
> the Constitution or laws of the United States is removed,
> if the movant was prevented from making a motion by
> such governmental action;
>
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been
> newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or
> claims presented could have been discovered through
> the exercise of due diligence.

---

[2] The Government also argues that Petitioner has procedurally defaulted any
challenge to his Armed Career Criminal designation.

28 U.S.C. § 2255(f)(1)-(4).  The timeliness of each claim must be considered independently.  <u>Davis v. United States</u>, 817 F.3d 319, 327 (7th Cir. 2016).

In this case, the only possible date from which the one-year period began to run for Petitioner's claim is the date provided under § 2255(f)(3).  The other provisions do not apply because Petitioner's conviction became final in 2006 (and this Motion was not filed within one year), Petitioner does not allege any governmental action prevented him from making a motion, or that he recently discovered, through the exercise of due diligence, facts supporting the claim.

Under Section 2255(f)(3), the one-year period begins to run on the date on which the right asserted was initially recognized by the Supreme Court.  As noted above, on June 26, 2015, the United States Supreme Court decided <u>Johnson</u>, 135 S. Ct. 2551.  The <u>Johnson</u> decision announced a new substantive rule of constitutional law that the Supreme Court has made retroactive on collateral review.  <u>Welch</u>, 136 S. Ct. at 1257; <u>see</u> <u>also</u> <u>Dodd v. United States</u>, 125 S. Ct. 2478, 2482 (2005) (providing that the

one-year period runs from the ruling recognizing the right asserted, not the date the right was found to be retroactive).

Petitioner filed his § 2255 Motion on June 24, 2016. Therefore, if Petitioner is, in fact, bringing a claim under Johnson, the claim is timely.

Petitioner argues that his Montana and Illinois burglary convictions do not qualify as generic burglaries, relying primarily on Mathis, 136 S. Ct. 2243. Petitioner concedes that Mathis did not restart the one-year time period under 28 U.S.C. § 2255(f)(3)[3] (Supp. Resp. at 9 (d/e 6)), but he argues that his claim is timely under Johnson. Specifically, Petitioner argues that, because current law (Mathis) indicates that the burglaries no longer qualify as violent felonies under the enumerated clause of the Armed

_____

[3] Several cases have held that Mathis does not restart the one-year period under § 2255(f)(3) because the Supreme Court did not recognize a new right. See Davis v. United States, Nos. 2:13-CR-46-JRG-8, 2:16-CV-363-JRG, 2016 WL 7234762, at *2 (E.D. Tenn. Dec. 13, 2016) (holding that Mathis "involved application of the categorical approach first adopted by the Supreme Court in Taylor and refined in the Descamps decision to a new set of facts" and did not articulate a new right for purposes of § 2255(f)(3)); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) (Mathis does not trigger a new one-year period for habeas relief under § 2255(f)(3)), appeal filed; but see Staples v. True, No. 16-cv-1355-DRH, 2017 WL 935895, *3 (S.D. Ill. March 8, 2017) (involving a motion brought under 28 U.S.C. § 2241 and stating, in what appears to be dicta, that the petitioner may fail in showing that relief under § 2255 is inadequate because the petitioner was still within a year of the date Mathis was decided).

Career Criminal Act, the only possible basis to find that the convictions qualify as predicate offenses is under the residual clause, which the Supreme Court found unconstitutional in Johnson.

Petitioner further argues that the Seventh Circuit's decision in Dawkins v. United States, 809 F.3d 953 (7th Cir. 2016) recognizes that Petitioner's Johnson claim is appropriate. Petitioner also notes that courts in other jurisdictions have held that a § 2255 Motion is timely and appropriately founded on Johnson where the record does not indicate whether the prior convictions constituted Armed Career Criminal predicates under the elements, enumerated, or residual clause.

The Government responds that Petitioner's Montana and Illinois convictions qualified as predicate offenses under the enumerated clause when Petitioner was sentenced. The Government further argues that Petitioner's reliance on Dawkins is misplaced and that Dawkins actually supports the Government's position. Finally, the Government asserts that Holt v. United States, 843 F.3d 720 (7th Cir. 2016) and Stanley v. United States, 827 F.3d 562 (7th Cir. 2016) demonstrate that Petitioner's claim is

not based on <u>Johnson</u> and Petitioner cannot bootstrap a <u>Mathis</u> claim to an imaginary <u>Johnson</u> claim.

Courts in other jurisdictions have taken different approaches to determine whether a claim is one brought under <u>Johnson</u> when the record is not clear whether the prior convictions qualified as violent felonies under the elements clause, enumerated clause, or residual clause of the Armed Career Criminal Act.  <u>See</u> <u>United States v. Carrion</u>, --- F. Supp. 3d ---, 2017 WL 662484 (D. Nevada Feb. 17, 2017) (citing cases).  For example, some courts hold that the court cannot look at current case law to determine whether the residual clause was implicated in a defendant's sentencing, concluding that how the defendant was actually sentenced is what matters:

> If the defendant cannot show, as a factual matter, that his sentencing judge would have been unable at the time of sentencing to use one of the ACCA's other clauses, he cannot meet his burden to show that the residual clause was implicated in his sentence and his motion is thus based on <u>Johnson</u>'s invalidation of the residual clause.

<u>Carrion</u>, --- F. Supp. 3d ---, 2017 WL 662484, at *3 & n. 24 (citing cases).

Other courts have found that, if there is some possibility that the judge might have relied on the residual clause, the habeas court can use current law to determine whether the residual clause impacted the defendant's sentencing.  <u>Carrion</u>, --- F. Supp. ---, 2017 WL 662484, at *4-5 (adopting the second approach and concluding that once a defendant shows that the judge might have relied on the residual clause, he may rely on intervening case law to show that his prior convictions do not qualify as violent offenses under the remaining clauses); <u>see</u> <u>also</u> <u>Maxwell v. United States</u>, No. 1:16CV00249 ERW, 2017 WL 690948, at *1 (E.D. Mo. Feb. 21, 2017) (noting that where a court cannot determine whether the petitioner was sentenced under the residual clause of the Armed Career Criminal Act, the better approach is to find relief available because the court might have relied on the unconstitutional residual clause).

The Seventh Circuit's treatment of this issue dictates that Petitioner's claim cannot proceed.  In <u>Dawkins</u>, the petitioner sought leave to bring a successive § 2255 motion based on <u>Johnson</u>.  <u>Dawkins</u>, 809 F. 3d at 954 (also assuming that <u>Johnson</u>

applied to the career offender guideline).[4]  The petitioner argued

that the sentencing judge's reliance on the petitioner's prior

conviction for burglary was invalid under <u>Descamps</u>.  <u>Id.</u> at 954.

The Seventh Circuit held that the petitioner could not show that

his sentence violated <u>Johnson</u> because the sentence was not based

on the residual clause.  <u>Id.</u>   In particular, the Seventh Circuit

considered the petitioner's Illinois residential burglary conviction

and found that Illinois's statute satisfied the ruling in <u>Taylor</u> and

met the generic definition of burglary, thereby qualifying as a crime

of violence under the enumerated clause.  <u>Id.</u>  The Seventh Circuit

denied authorization to file a successive § 2255 motion, noting that

the sentencing court did not need to resort to the residual clause

to determine whether the prior conviction for burglary qualified as

a crime of violence. <u>Id.</u>

    While <u>Dawkins</u> suggests that this Court could use current

law to determine whether the residual clause might have been

---

[4] The Supreme Court has recently ruled that <u>Johnson</u> does not apply to the career offender guideline.  <u>Beckles v. United States</u>, 137 S. Ct. 886, 890 (2017).  Nonetheless, because the Armed Career Criminal Act's "violent felony" provision is nearly identical to the Sentencing Guidelines' career offender "crime of violence" provision, the Seventh Circuit has applied the same interpretation to both provisions when determining whether a prior conviction triggers the enhancement.  <u>United States v. Womack</u>, 610 F.3d 427, 433 (7th Cir. 2010).

implicated when a petitioner was sentenced, the Seventh Circuit more recently took a hard line approach to this issue. In <u>Stanley v. United States</u>, 827 F.3d 562 (7th Cir. 2016), the petitioner argued in his initial § 2255 motion that his prior convictions no longer qualified as serious drug crimes or violent felonies under the career offender guideline in light of <u>Johnson</u>. The Seventh Circuit, assuming that <u>Johnson</u> applied to the Sentencing Guidelines, concluded that the petitioner misunderstood the effect of <u>Johnson</u>. The Court rejected the assertion that <u>Johnson</u> reopened "all questions about the proper classification of prior convictions under the Guidelines and the Armed Career Criminal Act." <u>Stanley</u>, 827 F.3d at 564. Instead, the Seventh Circuit noted that the "sole holding of <u>Johnson</u> [was] that the residual clause is invalid" and that <u>Johnson</u> did not affect the enumerated clause or the elements clause of the Guidelines or the Armed Career Criminal Act. <u>Id.</u>

In particular, the Seventh Circuit considered the petitioner's conviction for aggravated battery and noted that the district court counted the conviction under the elements clause. <u>Stanley</u>, 827 F.3d at 565 (without indicating how the Seventh Circuit knew that

the conviction counted under the elements clause).  The court found, however, that Johnson did not have anything to do with the elements clause and, therefore, did not afford petitioner a new one-year period to seek collateral relief on the theory that the elements clause did not apply.  The Stanley court also noted that:

> Perhaps a prisoner could argue that he decided not to press an argument about the elements clause at sentencing, or on appeal, when the only consequence would have been to move a conviction from the elements clause to the residual clause.  Then it would be possible to see some relation between Johnson and a contention that the conviction has been misclassified, for the line of argument could have been pointless before Johnson but dispositive afterward.  But this is not the sort of argument that Stanley makes.

Id. at 565.  Instead, the petitioner argued that he might have pled guilty to aggravated battery under a part of the battery statute that penalizes insulting conduct.  The Seventh Circuit stated that, in that case, the offense would not constitute a crime of violence under the elements clause or the residual clause, "so this possibility, too, is unaffected by Johnson."  Id. at 565; see also id. at 565-66 (also examining Descamps and the divisibility of statutes but noting that the contention that the petitioner may have been convicted under the part of the statute that lacks an element based

on the use of force "is unrelated to Johnson and so does not authorize a belated collateral attack").

Similarly, the Seventh Circuit held in Holt v. United States, 843 F.3d 720 (7th Cir. 2016) that nothing in Johnson affects the proper treatment of burglary convictions and, therefore, the petitioner's second collateral attack could not rest on Johnson.[5] The Holt court noted the Stanley court's reference to defendants possibly refraining from objecting to convictions under the elements clause because the convictions could still be treated as violent felonies under the residual clause. Holt, 843 F.3d at 722. The Seventh Circuit found this possibility had nothing to do with Holt's situation, however, because his burglary classification was classified under the "burglary clause," and nothing in Johnson, Welch, or Stanley affected the proper treatment of burglary convictions. Id. at 723.

These cases demonstrate that Petitioner cannot use Johnson to bring his claim under Mathis that the elements of Montana's

_____

[5] The Court recognizes that Holt involved a request to file a successive § 2255 motion, which requires that the petitioner show a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" and that Johnson met that requirement while Mathis did not. See Holt, 843 F.3d at 722 (quoting 28 U.S.C. § 2255(h)(2)).

burglary statute and Illinois's residential burglary statute are broader than those of a generic burglary. Moreover, the few district courts within the Seventh Circuit to address this issue have interpreted Stanley and other Seventh Circuit cases as holding that petitioners cannot "take a back door in to the unconstitutional residual clause by attempting to argue that their predicate convictions could not satisfy the elements or force clauses and instead should have initially been characterized under the residual clause." Wilson v. United States, No. 15-cv-1086, 2017 WL 1058780, at * 4 (S.D. Ill. Mar. 21, 2017) (involving predicate drug offenses); see also Hall v. United States, No. 3:14-cv-0110-MJR, 2017 WL 951415, at *5 (S.D. Ill. 2017) (interpreting Stanley as "limit[ing] the scope of Johnson based challenges to sentences under the ACCA or the Guidelines by finding that Johnson challenges could only be made to sentences clearly given under the residual clause as opposed to the elements or enumerated clauses"); see also United States v. Smith, No. 16 C 6606, 2017 WL 1321110, at *2 & n. 3 (N.D. Ill. Apr. 3, 2017) (wherein the court assumed for the sake of argument that Johnson opened the door to the petitioner's habeas claim and invited

inquiry into whether the prior offenses qualify without the residual clause but also noted that <u>Stanley</u> casts doubt on whether that is the correct assumption).

Perhaps <u>Stanley</u> and <u>Holt</u> could be distinguished on the basis that the Seventh Circuit found that the petitioners in those cases were sentenced under the elements clause (<u>Stanley</u>) and the enumerated clause (<u>Holt</u>) while here the sentencing court did not indicate whether Petitioner was sentenced under the enumerated clause or the residual clause. However, the case law in effect when the Court sentenced Petitioner suggests that Petitioner's burglary convictions qualified as predicate offenses under the enumerated clause, and the Court could find no cases where Illinois residential burglary or Montana burglary convictions qualified under the residual clause of the Armed Career Criminal Act. <u>See</u> <u>United States v. Tenderholt</u>, 149 F. App'x 805 (10th Cir. 2005) (finding the defendant's 1996[6] Montana burglary convictions qualified as violent felonies under the enumerated clause of the ACCA); <u>United</u>

---

[6] Petitioner was convicted of burglary in Montana in 1994. The burglary statute in effect in 1994 was identical to the statute in effect in 1996. <u>See</u> Mont. Code Anno., § 45-6-204 (1993) (d/e 6, p. 24); Mont. Code Anno., § 45-6-204 (1998) (d/e 6 p. 25).

<u>States v. King</u>, 62 F.3d 891, 896 (7th Cir. 1995) (finding that the elements of Illinois residential burglary[7] correspond to the elements of a generic burglary and qualify as violent felonies under § 924(e)). In addition, the Seventh Circuit places the burden on the petitioner to show that he is entitled to habeas relief, and Petitioner has not shown that his prior convictions may have qualified as predicate offenses under the residual clause. <u>See</u>, <u>e.g.</u>, <u>Stanley</u>, 827 F.3d at 566 ("As the proponent of collateral review, Stanley had to produce evidence demonstrating entitlement to relief.")

While this Court believes the better approach is to conclude that <u>Johnson</u> opens the door to Petitioner's claim—in which case this Court would likely find that the claim is not procedurally defaulted and that, at the very least, the Montana burglary statute is not divisible and is broader than generic burglary—the Court is constrained by the holdings of <u>Stanley</u> and <u>Holt</u>. Consequently, this Court cannot grant Petitioner relief under <u>Johnson</u>, and his Motion must be denied.

---

[7] The Illinois residential burglary statute discussed in the <u>King</u> case is identical to the 1998 version of the Illinois residential burglary statute that formed the basis for Petitioner's conviction. <u>See</u> 720 ILCS 5/19-3(a) (1998).

## IV. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the court of appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability). A certificate of appealability may issue only if Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Here, the Court finds sua sponte that Petitioner has made a substantial showing of the denial of a constitutional right because, if Johnson opens the door to Petitioner's claim, Petitioner would be entitled to relief. Therefore, a certificate of appealability is GRANTED on the issue of whether Johnson applies to Petitioner's case and permits an inquiry into whether Petitioner's Montana convictions qualify as predicates under the Armed Career Criminal Act without the residual clause.

## V. CONCLUSION

For the reasons stated, Petitioner Jesse A. Stoldorf's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody (d/e 1) is DENIED.  The Court

GRANTS a certificate of appealability.  This case is CLOSED.

ENTER: May 1, 2017

FOR THE COURT:

_s/Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE